UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RESTAURANT DEVELOPMENT CORP. OF         *      CIVIL ACTION
LOUISIANA, LLC, AL COPELAND
INVESTMENTS,INC., CCB OF BOSSIER
CITY, LLC, CCB OF ATLANTA, LLC, and
AMOR DE BRAZIL FIERY STEAKHOUSE
CHURRASCARIA, LLC


versus                                  *      NO. 07-3771


STANDARD BUILDING COMPANY, INC.         *      SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiffs' motions to compel arbitration and motion for injunctive relief. For the reasons that follow, the motion to compel arbitration is DENIED as premature and the motion for injunctive relief is GRANTED.

Background

During the period ranging from July 1, 2005 to April 21, 2006, five separate companies entered into individual contracts with Standard Building Company, Inc. for construction work.[1] All of the

---

[1] The first contract was signed on July 1, 2005 between CCB of Atlanta, LLC, and Standard Building, LLC, for construction work to be completed on the Copeland's Cheesecake Bistro restaurant in Atlanta, Georgia. The second contract, between CCB of Bossier City, LLC, and Standard Building, was signed on March 16, 2006 and contemplated construction work to be completed for the Copeland's Cheesecake Bistro restaurant in Bossier City,

contracts were standardized American Institute of Architects forms and contained separate clauses for mediation and arbitration:

> § 4.5 MEDIATION
> §4.5.1  Any Claim arising out of or related to the Contract ... shall ... be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.
> § 4.5.2  The parties shall endeavor to resolve their Claims by mediation ....  Request for mediation shall be filed in writing with the other party to the Contract and with the American Arbitration Association.  The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.
> § 4.5.3  The parties shall share the mediator's fee and any filing fees equally.  The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. ...
>
> § 4.6 ARBITRATION
> § 4.6.1  Any Claim arising out of or related to the Contract ... shall ... be subject to arbitration.  Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.
> § 4.6.2  Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.  The demand

---

Louisiana.  The third contract, signed on April 16, 2006, was between Restaurant Development Corporation of Louisiana, LLC, and Standard Building and contemplated the remodeling of a Copeland's restaurant in Jefferson, Louisiana.  The fourth contract, also signed on April 16, 2006, was between Amor De Brazil Fiery Steakhouse Churrascaria, LLC, and Standard Building, and contemplated construction work to be done at the Amor De Brazil restaurant in Mason, Ohio.  The fifth, and final, contract was entered into on April 21, 2006, between Al Copeland Investments, Inc. and Standard Building for construction work to be completed at the Al Copeland Investments corporate offices in Metairie, Louisiana.

>  for arbitration shall be filed in writing with the other
>  party to the Contract and with the American Arbitration
>  Association, and a copy shall be filed with the
>  Architect.

Disputes have arisen in each of the five contracts. In April 2007, Standard Building initiated mediation and arbitration proceedings by sending a letter addressed to the contracted parties of all five contracts, the American Arbitration Association in Atlanta, Georgia, and a group of architects in Covington, Louisiana. Stating that because "[a]ll of the various limited liability companies are owned or controlled by Al Copeland Investments, Inc., so that Al Copeland Investments, Inc. is jointly and severally liable for all the amounts claimed herein," Standard Building requested mediation and arbitration of all five contracts to occur simultaneously in Atlanta, Georgia. The parties to the contracts contested the request for consolidation of mediation and arbitration of five separate contracts and the choice of Atlanta as the situs for the proceeding, but on July 5, 2007, the AAA issued a letter to the parties instructing them that "[a]fter careful consideration of the parties' contentions, the Association has determined the mediation, and if necessary, the arbitration will be held in Atlanta, GA."

    The plaintiffs sued Standard Building in this Court on July 19, 2007, and now move to compel arbitration pursuant to the terms of the contract and enjoin Standard Building from moving forward in the existing AAA proceeding. The plaintiffs argue that the

contract requires mediation and arbitration to occur in the place where the project is located.  Standard Building relies on the rules of the AAA regarding arbitration that state, "if a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale, and its decision shall be final and binding."

I.

Under Louisiana law, whether a contract is ambiguous is an issue of law for the Court.  Hampton v. Hampton, Inc., 713 So.2d 1185, 1189 (La.App. 1998).  And, the interpretation of an unambiguous contract is an issue of law for the court.  See Texas Eastern Transmission Corp. v. Amerada Hess Corp., 145 F.3d 737, 741 (5th Cir. 1998).  Louisiana's statutory rules of contract construction are well-settled.  Louisiana law limits the Court's authority to look beyond the four corners of an unambiguous contract.  LA. CIV. CODE ANN. art 2046 (1998) ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").

Under settled principles of contract construction, the Court is tasked with determining the common intent of the parties.  LA. CIV. CODE ANN. art. 2045.  To accomplish this, the Court reads contracts for their plain meaning.  LA. CIV. CODE ANN. art. 2047.  In addition, the Court must construe "[e]ach provision...in light of the other provisions so that each is given the meaning suggested by

4

the contract as a whole." LA. CIV. CODE ANN. art. 2050.  The Court must interpret contract provisions susceptible to different meanings "to avoid neutralizing or ignoring any of them or treating them as surplusage" and "to preserve validity [of the contract]." Lambert v. Maryland Cas. Co., 418 So.2d 553, 559-60 (La. 1982); Gibbs Constr. Co. v. Thomas, 500 So.2d 764, 769 (La. 1987).

II.

Written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983) (quoting 9 U.S.C. § 2).  When an issue is referable to arbitration, "the court...shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, provid[ed] the applicant for the stay is not in default in proceeding with such arbitration."  9 U.S.C. § 3.

The parties do not dispute the fact that the contracts compel mediation and arbitration or the fact that their disputes fall within the scope of the mediation and arbitration clauses.  See Fleetwood Enterprises, Inc. v. Gaskamp, 280 F.3d 1069, 1073 (5th Cir. 2002).  The question here is whether disputes arising from five separate contracts can be consolidated by the AAA for mediation and arbitration in a single setting.

5

The contract clearly distinguishes between the processes of mediation and arbitration.  Neither has taken place between the parties at this time.  The defendant, Standard Building, would prefer that the Court ignore Section 4.5 in the contract, outlining the requirements for mediation, and proceed directly to Section 4.6, governing arbitration.  But this request would violate the terms of the contract.  Under the contract, mediation between the parties will occur as a condition precedent to any arbitration, and the contract language plainly states that "mediation shall be held in the place where the Project is located."

Although the promulgations of the AAA may be binding on the parties at the point when the parties reach arbitration, as stated in Section 4.6.2 of the contract, that time has not yet come.[2] Pursuant to the terms of the contracts, the parties to each individual contract will enter mediation in the place where the construction projects are located, unless the parties mutually agree upon another location.  If, after mediation, the parties cannot resolve their disputes, they must proceed to arbitration according to the terms of each contract and the rules of the AAA.

Accordingly, the motion to compel arbitration is DENIED as

---

[2] Further, Standard Building's argument that one combined proceeding is appropriate because all of parties to the five contracts are controlled and operated by Al Copeland Investments, Inc. is irrelevant.  The record does not reflect this relationship, the Court has no basis on which to take judicial notice of Copeland's direct or indirect control, and, the argument does not justify violating the plain language of contracts into which Standard Building freely entered.

premature and the motion for injunctive relief is GRANTED. The Court hereby administratively closes this lawsuit pending completion of mediation and arbitration proceedings if necessary.

New Orleans, Louisiana, August 7, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE